## Case No. 14,752.

UNITED STATES v. CASTRO et al.

[Hoff. Land Cas. 125.] [1]

District Court, N. D. California. Dec. Term, 1855.

MEXICAN LAND GRANT—NONPRODUCTION OF GRANT —LONG AND NOTORIOUS OCCUPATION.

The nonproduction of the grant in this case does not affect the validity of the claim, the loss of the grant being proved, and long and notorious occupation of the land established.

Claim [by Rufina Castro and others] for two leagues of land in Santa Clara county [the Rancho Solis], confirmed by the board, and appealed by the United States.

S. W. Inge, U. S. Atty.
Stanly & King, for appellees.

1 [Reported by Numa Hubert, Esq., and here reprinted by permission.]

been suggested on the part of the United States. A decree of confirmation must therefore be entered.

## Case No. 14,753,

UNITED STATES v. CASTRO.

[Hoff. Op 57; Hoff. Dec. 97.]

District Court, N. D. California. 1859.

MEXICAN LAND GRANT—BOUNDARIES—QUANTITY IN GRANT.

[Under a grant of land "of the extent of two square leagues, a little more or less," the judicial officer has no power to confirm a tract of three and one-half leagues.]

[Claim by Mariano Castro for a certain tract of land called "La Pastoria."]

HOFFMAN, District Judge. The claim in this case was confirmed by the board. The genuineness of the grant is not disputed. The only question raised is, whether the grantee shall take the whole tract which Sunol deposes he measured off to him, or shall be confined to the quantity mentioned in the grant. By the expediente it appears that the land was originally applied for by Jose Estrada, in 1840. In this petition no boundaries are mentioned, but the place in Santa Clara, known as "La Pastoria," is asked for with the understanding that the said tract should "consist of two leagues, a little more or less." On this petition various informes were obtained, and on the 27th February, 1841, Gov. Alvarado directed the expediente "to be passed to the actual trustee of the establishment of Santa Clara, the party interested to annex thereto a design of the tract asked for." This diseño appears to have been presented, for it is found in the expediente. In the decree of concession Estrada is declared "the owner in property of the land called Pastoria de las Borregas, bounded by the land of Don Jose Peno, by that of Don Prado Nesa and La Punta del Roblar, to the extent of two leagues, as shown by the annexed diseño." In the grant the land is described in the same terms, but in the second condition it is stated "that the land of which mention is made is of the extent of two square leagues, a little more or less," and the judge who shall give the possession is directed to "cause it to be measured according to the ordinances, the surplus thereof to be left to the nation for its convenient uses." The third condition directs, in the usual form, that the judge giving the judicial possession shall mark out the boundaries, on the limits of which the grantee shall put besides the landmarks some fruit or other useful trees.

It appears by the testimony of Antonio Sunol, that in 1842, acting as subprefect, and in pursuance of an order of the governor, he measured the land of which the grantee was in possession—that he made a written report of his proceedings in the matter, which he transmitted to the government and recorded

them in the book of proceedings kept by him as subprefect. Neither the report nor the book can now be found, and we are compelled to resort to parol testimony to ascertain what were the measurements made by Sunol. He swears that subsequently—but when he does not state—he accompanied a surveyor to the land, and pointed out to him the limits which he had just established—although he did not see the actual survey of the land. On being shown a map, or sketch of the tract, he states that so far as he saw the land the sketch appears to be correct, and he proceeds to describe the lines run by him when he gave the possession. He appears to have run five lines, the first two of which are not marked on the map, and would seem not to have been intended as boundaries. The first was run at the eastern end of the ranch, parallel to the creek of Las Yeguas, but at some distance from it; and the second nearly at right angles to it, and passing from the house of Robles through the centre of the rancho to the laguna on the western extremity. From this laguna he ran a line to the bay on the north, and another to the edge of the chemisal on the southwest—and from the end of this latter a fifth line was run to Arroyo de San Jose, as shown on the map.

On comparing the tract of land which appears to have been intended to be included within these boundaries with indications of the diseño it is found impossible to identify the two tracts. The diseño is drawn with extreme wideness. No boundaries seem to be delineated, and the only objects which I have been able to recognize are four lines—two of which are marked as caminos, or roads; the third as the Arroyo de las Yeguas; and the fourth as the estero, or bay. The laguna is not laid down, nor is the creek of San Jose, which Sunol seems to have taken for a boundary, but the word "Roblar" is inscribed on the diseño apparently at a place near where, by the survey since made, the lands of Prada Meso are situated. I have not been able to find on either of the diseños, on the map, or in the testimony of any witness any information as to the situation of the lands of Pena, by which, as the grant mentions, the lands of the claimant are bounded. From an endorsement on the original grant, signed by Gov. Micheltorrena, and dated Feb. 14, 1844, it appears that by a resolution of the departmental assembly of that date the concession to the Indian of Santa, called Yingo, of the land then occupied by him, was ordered to be issued. This land is comprised within the limits of the claimant's rancho as measured by Sunol in 1842. The board therefore directed that the lands of Yingo, as well as those sold by the claimant to Martin Murphy, and which have been separately confirmed to him, should be excepted from the lands confirmed in the case.

The question then arises, to what extent of land is the claimant entitled? It appears in evidence that the lands embraced within the measurement of Sunol are from three to four leagues in extent. It cannot be contended that the grant is for a tract of land by metes and bounds. As already stated, the grant merely mentions the names of two persons on whose lands the tract borders, and the third boundary, if it can be called such, is a point and not a line. The diseño fails to afford any intelligible indication whatever as to the limits of the tract intended to be granted. It is clear, therefore, that under the grant the claimant would be entitled to two leagues. In the case of U. S. v. Fossatt [21 How. (62 U. S.) 445], the supreme court refused to attach any significance to the words "more or less," or to extend the grant beyond the quantity clearly expressed. Yet in that case three boundaries were distinctly mentioned in the grant, and the fourth was supposed by this court to be clearly indicated by the diseño, the petition and the name of the place granted. The excess within the boundaries was only a fraction of a league—the usual unit of measurement.

Under this ruling of the supreme court, it is of course impossible to construe the grant in the present case as conveying more than two leagues. To confirm, then, to the claimant a tract of 3½ leagues in extent, on the ground that it was measured off to him by the judicial officer, would be to attribute to that officer the granting power. The measurement made by him seems to have been to some degree loose and informal. No record of the act of giving judicial possession, such as is often found attached to the expediente, appears to have been made. He recorded his proceedings he says, in his book; but the nature and formality of that record does not appear. It is not shown that the lines run by Sunol were measured by him. Their length is not given, nor does he appear to have estimated the quantity of the land of which he gave the possession. The lines, moreover, do not disclose any tract, for the second appears to have been run nearly through its centre; though it seems probable that he intended the estero to be the northern boundary. So far as appears either from the grant, the diseño or the evidence in the case, the land was laid off at the mere discretion of the judicial officer; nor is it apparent why he might not have fixed the boundaries in any other manner, or included within them a far greater quantity of land. I cannot discover that in his location of the land he has attempted to ascertain it by reference to the boundaries of Don Jose Pena, or to the point called "Punta del Roblar," both of which are called for as boundaries in the grant; and it is even suggested that the only remaining boundary called for, viz. the lands of Don Prado Mesa, has not been observed. To affirm that under a grant of this kind, which from its own indefiniteness, as well as by the law as laid down by the supreme court, must be construed to convey only two leagues, the claimant is, nevertheless, by virtue of a possession given by a judicial officer—such as that given in this

case—to be allowed a tract from three to four leagues in extent, is, as before observed, virtually to recognize in that officer a power to grant land, rather than measure and locate them, and to ascertain the sobrante.

I therefore think that there should be confirmed under this grant only two leagues of land, to be laid and measured within the boundaries mentioned in the grant. Reference for the more precise ascertainment of said boundaries to be made to the diseño, accompanying the expediente, and to the deposition of Sunol, and the map annexed thereto on file in this case—said two leagues to be surveyed and located after the first ascertaining and measuring off the lands granted to the Indian Migo. For a description of which last mentioned lands, reference to be had to the opinion of the board of commissioners on file in this case, and to the note made by Gov. Micheltorrena on the back of the original grant herein. It being understood that the said lands so granted to the said Indian shall first be measured off, and then that the quantity of two leagues shall be measured within the boundaries above mentioned, and the said quantity of two leagues is hereby confirmed to the claimant, excepting, nevertheless, from said confirmation the lands conveyed by him to one Martin Murphy, which lands have been separately confirmed to the said Murphy; and for a description of said lands of Martin Murphy, reference is to be had to two deeds executed by the claimant to said Murphy, and filed in case No. 90, on the docket of the board of commissioners.

[See Case No. 14,750.]